UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ALAN GRAY, # 147217,

       Petitioner,

CASE NO. 1:07-CV-246

v.

HON. ROBERT J. JONKER

SHIRLEE A. HARRY,

       Respondent.

_____/

## ORDER APPROVING REPORT AND RECOMMENDATION

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 30) and Petitoner Gray's Objections to it (docket # 34). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Petitioner's objections. After its review, the Court finds that Magistrate Judge Scoville's Report and Recommendation, which concluded that Mr. Gray is not entitled to habeas corpus relief, is factually sound and legally correct. In his habeas petition, Mr. Gray asserted three grounds for relief. Magistrate Judge Scoville fully addressed each of these grounds in the Report and Recommendation. Mr. Gray objects to the Report and Recommendation, but none of his objections is persuasive.

Mr. Gray's first three objections to the Report and Recommendation attempt to support his claim of a constitutional right to a particular form of state court appellate review: namely, an appeal as of right, rather than an appeal on application for leave. According to Mr. Gray, his state appellate counsel was per se ineffective because he pursued an application for leave to appeal, rather than a timely appeal as of right. Mr. Gray's theory is unavailing because regardless of the procedural vehicle of appeal in the state system, the record here demonstrates that the Michigan Court of Appeals actually did review the case on the merits and found it meritless. Under these circumstances, Mr. Gray has no automatic right to another state appellate review on an appeal of right. Rather, he must satisfy the ordinary *Strickland* test and show that he suffered actual prejudice because of the particular appellate vehicle used.[1] *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). This he cannot do, nor does he even try to do so. Indeed, because the state appellate court already found the grounds for appeal meritless, it would be impossible to demonstrate any reasonable

---

[1] The state prosecutor's proper stipulation that the law provides Petitioner with a right to appeal goes only to the objectively unreasonable performance prong of the *Strickland* test. It has no impact on the separate and independent prejudice prong.

basis for believing the outcome would be different if presented to the state appeals court all over again. Nothing in Mr. Gray's objections alters this fundamental point.

Mr. Gray's next set of objections restate and supplement arguments raised in his original habeas petition concerning the duration of his sentence. Mr. Gray claims that he should have received sentencing credit for over ten years of time served. The Magistrate Judge has already properly addressed this claim, and Mr. Gray's objections do not change the analysis. For precisely the reasons stated in the Report and Recommendation, Mr. Gray is not entitled to the sentencing credit he seeks.

Similarly, Mr. Gray in his final objection reiterates his claim that he should be allowed to supplement his pre-sentence report. He explains that though the trial court gave him an opportunity to supplement the pre-sentence report, MDOC rules have precluded him from doing so, and goes on to disagree more generally with the Magistrate Judge's legal analysis. Mr. Gray's objection is unavailing. The Magistrate Judge carefully considered the record in the case and properly applied the law to the facts. Nothing in the objection changes the analysis.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner may not appeal in a habeas corpus case unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). The Federal Rules of Appellate Procedure extend to district judges the authority to issue certificates of appealability. FED. R. APP. P. 22(b); see also, *Castro v. United States*, 310 F.3d 900, 901-02 (6th Cir. 2002) (the district judge "must issue or deny a [certificate of appealability] if an applicant files a notice of appeal pursuant to the explicit requirements of Federal Rule of Appellate Procedure 22(b)(1)"). However, a certificate of appealability may be issued "only

if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

To obtain a certificate of appealability, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). While Petitioner is not required to establish that "some jurists would grant the petition for habeas corpus," he "must prove 'something more than an absence of frivolity' or the existence of mere 'good faith.'" *Id.* (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In this case, Mr. Gray has not made a substantial showing of the denial of a constitutional right. Therefore, he is not entitled to a certificate of appealability.

The Magistrate Judge properly concluded that Mr. Gray is not entitled to the habeas corpus relief he seeks. Mr. Gray is not entitled to a certificate of appealability. Accordingly, **IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 30) is **APPROVED AND ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that:

1. Petitioner's Petition for Writ of Habeas Corpus (docket # 1) is **DISMISSED**; and
2. Petitioner is **DENIED** a certificate of appealability.


Dated:   September 29, 2010             /s/ Robert J. Jonker
                                        ROBERT J. JONKER
                                        UNITED STATES DISTRICT JUDGE